# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

          Plaintiff,

v.

KALIFA PHAROH BEY *doing business as* HENRY PIRTLE IV,

          Defendant.

Case No. 26-CR-84-JPS

**ORDER**

On April 15, 2026, Defendant Henry Pirtle IV, who attempts to proceed under the name Kalifa Pharoh Bey ("Defendant"), was found guilty following a jury trial in Winnebago County Circuit Court of one count of first-degree sexual assault of child, two counts of repeated sexual assault of the same child, and two counts of sexual assault/use of force. *State of Wisconsin v. Henry Pirtle IV*, Case No. 2022CF000687 (Winnebago Cnty. Cir. Ct. 2025), *available at* https://wcca.wicourts.gov/caseDetail.html?caseNo=2022CF000687&county No=70&index=0&mode=details (last visited May 21, 2026) ("State Case").[1]

Defendant filed this action on April 28, 2026, purporting to remove his State Case to this Court. ECF No. 1. As the basis for removal, he refers to certain federal removal statutes, namely 28 U.S.C. §§ 1443(1) and 1455. *Id*. However, he fails to meet the criteria of either.

---

[1]The Court may take judicial notice of public records, including state court records. *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994). The State Case is against "Henry Pirtle IV." *See generally* State Case.

To proceed under 28 U.S.C. § 1443(1), Defendant must first allege that the state criminal prosecution is violating his "specific civil rights stated in terms of racial equity." *Yashar'al v. Hopper*, 849 F. App'x 591, 592 (7th Cir. 2021) (quoting *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975)). Assertions of "violations of [one's] constitutional rights under the First, Fourth, Sixth, and Fourteenth Amendments" concern "rights 'available to all citizens, and such generally applicable laws'" and, therefore, "'do not support removal under § 1443(1).'" *Dalton v. Indiana*, No. 2:25-cv-190-PPS-AZ, 2025 WL 1522919, at *2 (N.D. Ind. May 28, 2025) (quoting *Illinois v. Burnside*, No. 22-1881, 2022 WL 15567884, at *1 (7th Cir. 2022) and citing *Indiana v. Blocker*, No. 2:25 CV 152, 2025 WL 1076817, at *1 (N.D. Ind. Apr. 10, 2025)). Second, Defendant must allege that he is "'denied or cannot enforce' the specified federal rights 'in the courts of (the) State.'" *Johnson*, 421 U.S. at 219 (quoting 28 U.S.C. § 1443(1)). Such denials must ordinarily "'manifest in a formal expression of state law,' . . . such as a state legislative or constitutional provision, 'rather than a denial first made manifest in the trial of the case.'" *Id.* (quoting *Georgia v. Rachel*, 384 U.S. 780, 799, 803 (1966)).

Here, Defendant alleges that the jury did not represent a fair cross section of the community, which presents a Sixth Amendment issue. *Holland v. Illinois*, 493 U.S. 474, 475 (1990) (discussing the Sixth Amendment's fair cross section guarantee). Alternatively, he may be arguing that there are "Equal Protection concerns" insofar as he suggests there are exclusions or limitations imposed on jurors based on race. ECF No. 1 at 3. The Court can assume that these allegations satisfy the first prong. *Williams v. State of Mississippi*, 608 F.2d 1021, 1022 (5th Cir. 1979) (noting that one has a right to have a grand jury selected without regard to race and that one can pursue such a claim through 42 U.S.C. § 1981).

However, the second prong is not met, as Wisconsin law plainly provides that no one shall be excluded from jury service on the basis of race. WIS. STAT. § 756.001(3). The Court, moreover, finds no basis on which to conclude that Defendant's allegations otherwise meet the exception to the rule that the challenge must be statutory in nature. *Johnson*, 421 U.S. at 219 (noting that exceptions may exist in the "unusual case where 'an equivalent basis could be shown for an equally firm prediction that the defendant would be denied or cannot enforce the specified federal rights in the state court'" (quoting *Rachel*, 384 U.S. at 804)). As such, Defendant fails to show that he warrants removal under 28 U.S.C. § 1443(1).

Defendant's notice of removal is also deficient under 28 U.S.C. § 1455 because he failed to move in this branch of the Court within thirty days of his arraignment, as required. 28 U.S.C. § 1455(b)(1) ("A notice of removal of a criminal prosecution shall be filed not later than 30 days after the arraignment in the State court, or at any time before trial, *whichever is earlier . . . .*" (emphasis added)). Defendant's arraignment in the State Case was May 3, 2024. State Case, May 3, 2024 docket entry. Yet Defendant did not remove the State Case until after the jury reached its verdict. *Id.*, Apr. 15, 2026 docket entry (jury verdict); *id.*, May 4, 2026 docket entry (notice of removal).

Because it is apparent "on the face of the notice and any exhibits annexed thereto that removal should not be permitted," the Court will summarily remand this case to the Winnebago County Circuit Court. *Illinois v. Sadder-Bey*, No. 17-cv-4999, 2017 WL 2987159 (N.D. Ill. July 13, 2017) (quoting 28 U.S.C. 1445(b)(4)).

Accordingly,

**IT IS ORDERED** that this action be and the same is hereby **SUMMARILY REMANDED** to the Winnebago County Circuit Court.

The Clerk of Court is directed to take all appropriate steps to effectuate this remand.

Dated at Milwaukee, Wisconsin, this 21st day of May, 2026.

BY THE COURT:

_____

J.P. Stadtmueller
U.S. District Judge